# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8554 | **DATE** | 7/10/2013 |
| **CASE TITLE** | 1-800 Radiator vs. DeBlas Auto Repair | | |

**DOCKET ENTRY TEXT**

Upon consideration of plaintiff's motion [24] for rule to show cause and the evidence and arguments presented by the parties, the court finds that defendants have intentionally violated its order of November 2, 2012. Accordingly, it is hereby ordered that defendants are sanctioned as described herein, and that defendants shall be jointly and severally liable for compliance with this order.
Defendants shall pay plaintiff's attorney fees and costs related to plaintiff's show cause motion and motion for temporary restraining order [6]. Such fees and costs shall be paid by July 22, 2013.

■[ For further details see text below.]     Notices mailed by Judicial staff.

**STATEMENT**

Upon consideration of plaintiff's motion [24] for rule to show cause and the evidence and arguments presented by the parties, the court finds that defendants have intentionally violated its order of November 2, 2012. Accordingly, it is hereby ordered that defendants are sanctioned as described herein, and that defendants shall be jointly and severally liable for compliance with this order.

Defendants shall pay plaintiff's attorney fees and costs related to plaintiff's show cause motion and motion for temporary restraining order [6]. Such fees and costs shall be paid by July 22, 2013.

On or before July 22, 2013, defendants shall provide plaintiff with all documents related to the business operations of Deblas Auto Repair, Inc., Deblas Cool Heats, Cool Heats West, Franklin Park Cool Heats West, The Radiator & A/C Store DBA Cool Heat West or any other business acting in concert with defendants. Such documents shall include, but are not limited to: (1) a listing of all inventory owned or controlled by defendants as of September 28, 2012, all inventory acquired since September 28, 2012, and all inventory owned or controlled by defendants as of July 10, 2013; (2) documents referencing sales made or attempted or any other disposition of inventory by defendants or those in concert with them since September 28, 2012, including receipts, invoices, purchase orders, bills of lading, and shipping documents; (3) documents evidencing the financial position of each defendant as of September 28, 2012 and July 10, 2013, including balance sheets, income statements, statements of cash flows, bank records, and tax filings for 2012 and 2013.

On or before July 22, 2013, defendants, at their own expense, shall return to plaintiff any of the following items in their possession or in the possession of any of their officers, agents, affiliates, or employees: all labels, signs, prints, packages, logo items and advertisements bearing plaintiff's trademarks or any identifying marks indicating affiliation with plaintiff or the wholesale or retail sale of products related to

**STATEMENT**

those sold by plaintiff's franchisees.

On or before July 22, 2013, defendants, at their own expense, shall eliminate any advertising that uses any of plaintiff's trademarks or any similar identifying characteristics, and any advertising that identifies defendants as being in the business of selling the same or similar products as those sold by plaintiff's franchisees. Such advertising includes the signs at or near defendants location at 9818 Grand Avenue, Franklin Park, Illinois, and all media including newspapers, flyers, coupons, signs, telephone directories, internet listings, and mass mailings.

On or before July 22, 2013, defendants shall file with this court and serve upon plaintiff's counsel a written report, sworn under oath, setting forth in detail the manner in which they have complied with this order.

The court's order of November 2, 2012 shall continue in effect until further order of court